IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STACY KALCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| UNITEDHEALTH GROUP | ) | |
| INCORPORATED d/b/a UNITED | ) | |
| HEALTHCARE SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Stacy Kalch (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, UnitedHealth Group Incorporated (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Process Company, 289 S. Culver St., Lawrenceville, GA 30046-4805.

6.

Defendant negotiated, maintained and administered the disability plan at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Defendant provides short term disability benefits out of its own assets to its employees, there is no trust.

2

9.

Plaintiff was an employee of Defendant and was under Defendant's short term disability plan.

10.

Sedgwick Claims Management Services administered the short term disability plan and made all decisions as to benefits payable to eligible employees of Defendant.

11.

Under Defendant's Plan, you are considered to be disabled if you are unable to perform the material duties of your own occupation due to non-work related condition and you are under the regular and appropriate care of a physician.

12.

Plaintiff worked for Defendant as a Nurse Practioner.

13.

Plaintiff ceased working due to systemic lupus.

14.

Defendant denied Plaintiff disability benefits.

15.

On June 15, 2016, Plaintiff appealed this decision.

16.

On July 28, 2016, Defendant denied benefits again relying on the findings of a doctor who did not examine Plaintiff.

17.

On October 26, 2016, Plaintiff submitted the results of a Functional Capacity Evaluation which found her physical demand characteristic level to be part-time sedentary.

18.

On December 22, 2016, Plaintiff resubmitted letters from her doctors supporting her disability and her inability to perform her occupation.

19.

On January 25, 2017, Defendant's appeal committee submitted a final decision in a letter that quoted the Plan's provisions but did not quote any evidence whatsoever.

20.

Administrative remedies have been exhausted.

21.

Defendant's denial of Plaintiff's claim for short term disability benefits is a

breach of the terms of the plan issued by Defendant.

## III.  CLAIM FOR RELIEF

## ENTITLEMENT TO SHORT TERM DISABILITY BENEFITS

22.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 21 stated above.

23.

Plaintiff is entitled to short term disability benefits under Defendant's Plan for the following reasons:

a.    These benefits are permitted under the plans;

b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.    Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

24.

Defendant has refused to pay short term disability benefits despite substantial medical documentation and supportive opinions from Plaintiff's treating physician. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief

as outlined below.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1)    Find and hold Defendant owes Plaintiff disability benefits in the proper amount from May 12, 2016 and continuing, plus the maximum allowable interest on all back benefits;

(2)    Enjoin Defendant from any further prohibited acts against Plaintiff;

(3)    Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4)    Grant other and further relief as may be just and proper.

This the _8th_ day of June, 2017.

ROGERS, HOFRICHTER & KARRH, LLC


_s/Heather K. Karrh_
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118

6

hkarrh@rhlpc.com

Attorneys for Plaintiff